UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Docket No. 04 10308

BLACKSMITH INVESTMENTS, LLC. )
        Plaintiff, )
Vs. )
   ) COMPLAINT
OCEAN STEEL & CONSTRUCTION, LTD. )
and YORK STEEL, INC. )
        Defendants, )

MAGISTRATE JUDGE Bowler

RECEIPT # 54073
AMOUNT $ 150
SUMMONS ISSUED YES
LOCAL RULE 4.1 ✓
WAIVER FORM
MCF ISSUED
BY DPTY CLK. TOW
DATE 2/24/04

**GENERAL ALLEGATIONS**

1. The Plaintiff, Blacksmith Investments, LCC is a limited liability Corporation with offices at 11 Blacksmith Way, Saugus, Massachusetts.

2. Plaintiff Blacksmith Investments, LLC paid the assignment and bank debt of Boston Steel Erectors, Inc. and Boston Steel & Precast Erectors, Inc. and in so doing is signatory to a promissory note entitled to all the rights and remedies that the bank was entitled to as lien holder of Boston Steel Erectors, Inc. and Boston Steel & Precast Erectors, Inc.

3. Defendant Ocean Steel & Construction, LTD is a steel fabricator with an usual place of business at 406 Chelsea Drive, Saint John, NB, Canada E2M353.

4. Defendant York Steel, Inc. is a steel fabricator with an usual place of business at 406 Chelsea Drive, Saint John, NB, Canada E2M353.

5. Boston Steel Erectors, Inc. , hereinafter BSE, subcontracted with Ocean Steel & Construction, Ltd. for phase I, Harvard University Graduate Housing, construction.

6. Boston Steel & Precast Erectors, Inc., hereinafter BSPE, subcontracted with Ocean Steel and Construction, Ltd. for phase II, Harvard University Graduate Housing, construction.

7. BSE and BSPE respectively, interests are those of Blacksmith Investments, LLC, are both steel and precast erectors.

8. Defendant York Steel, Inc., collocated with Ocean Steel, is signatory to change orders it issued and otherwise directed BSE and BSPE to perform.

**COUNT I.        BREACH OF CONTRACT**

9. Plaintiff realleges the allegations set forth in paragraphs one through five of the Complaint.

10. Boston Steel Erectors, Inc. contracted with Ocean Steel & Construction, LTD. as a steel erector for the project known as Harvard Graduate Housing, Alston, Massachusetts.

11. Defendant Ocean Steel & Construction, LTD. contracted to pay BSE $1,450,000.00 for erection of steel at the Harvard Graduate School Housing Project.

12. Defendant Ocean Steel & Construction, LTD. has an outstanding balance due BSE/BSPE in the amount of $112,823.23 on the original contract.

13. Defendant York Steel, Inc. issued change orders for Ocean Steel & Construction, LTD. to BSE and BSPE.

14. Defendant Ocean Steel & Construction, LTD. and Defendant York Steel, Inc. have failed to pay and has refused to pay BSE/BSPE the balance due of $112,823.23 plus change orders $31,175.00 (moment connections; $31,500.00 (Relieving Angles); $$1,675.00 (Bulletin No. 8; $1,050.00 (Bulletin No. 17)

15. Defendant Ocean Steel & Construction, LTD. over billed BSE/BSPE OCIP insurance premiums in the amount of $123,719.15.

16. Plaintiff, Blacksmith Investments, LLC states that it is owed the total sum of $301,942.38, moneys otherwise payable to BSE/BSPE.

**Wherefore,** Plaintiff Blacksmith Investments, LLC respectfully request the following relief:

   a.  That the Court find Defendant Ocean Steel breached the Harvard Graduate School Housing Contract in the amount of $301,942.38;
   b.  That the Court find Defendant York Steel, Inc. breached the BSE/BSPE Contract for written change orders and such other oral change orders directed by York Steel to be performed;
   c.  That Plaintiff Blacksmith Investments, LLC as lien holder of Boston Steel & Erectors, Inc. and Boston Steel & Precast Erectors, Inc. is entitled to the contract balances and change orders subject of this action;
   g.  That Defendants Ocean Steel & Construction, LTD, York Steel, Inc. be jointly and severally liable;
   g.  Such other relief as is just and reasonable.

**COUNT TWO: MASSACHUSETTS GENERAL LAW C. 93A**

17. Plaintiff realleges the allegations set forth in paragraphs one through sixteen of the Complaint.
18. Boston Steel & Erectors, Inc. on or about September 2, 2003 requested counsel to provide written M.G.L. c. 93A notice to Ocean Steel & Construction, Ltd.
19. Boston Steel Erectors, Inc. and Boston Steel & Precast Erectors, Inc. on or about July 19, 2003 requested counsel to provide written M.G.L. c. 93A notice, September 2, 2003 to York Steel, Inc. regarding Harvard University Housing.
20. Plaintiff states that while certified mail return receipt in the ordinary postal course within the United States is possible, counsel used the equivalent pre-paid, return receipt Registered Mail receipt for United States Postal Service Return Receipt for International Mail.
21. Ocean Steel & Construction, LTD, and York Steel are co-located at the same facility, with the same fabrication facilities, and same officers, employees, representing all three entities.

22. Ocean Steel & Construction, LTD, Stresscon and York Steel contend that insurance loss(es) experienced by each is cause for refused payment to Plaintiffs.
23. Plaintiff states that Defendants deduction of an insurance loss not factually attributed to BSE or BSPE constitutes misdirection and unbusinesslike tactics.
24. Plaintiff states that Defendants deduction of an insurance loss not attributed to a BSE or BSPE insurance carrier constitutes misdirection and unbusinesslike tactics.
25. Plaintiff states that Defendants deduction of an insurance loss not attributed to a contract provision in either a BSE or BSPE contract constitutes misdirection and unbusinesslike tactics.
26. Plaintiff states that Defendants use of an insurance loss suffered by Defendants as a cause to refuse payment is within the penumbra of M.G.L. c. 93A.
27. Plaintiff states that Defendants use an insurance loss suffered by Defendants attributed to a nonexistent insurance policies is misdirection, misrepresentation, deceit, all of which such acts are within the penumbra of M.G.L. c. 93A.

**Wherefore,** Plaintiff Blacksmith Investments LLC respectfully requests the following relief:

    a. That the Court find withholding contract moneys due BSE and BSPE on the basis of a non-existent insurance policy is within the penumbra of M.G.L. c. 93A;

    b. That the Court find withholding contract moneys due BSE and BSPE on the basis of an insurance loss, where Defendants have been advised by a third party insurance carrier investigation that BSE and BSPE have no liability, amounts to misdirection, misrepresentation, unbusinesslike conduct, within the penumbra of M.G.L. c. 93A.

4

    c.    That the Court find defendants jointly and severally liable for treble, or double damages, or in the alternative reasonable attorney fees, costs and expenses;

    d.    That the Court find that the damages to be trebled or doubled is the sum of $301,942.38;

    e.    Such other relief as is just and reasonable.

**COUNT THREE:  MISREPRESENTATION**

28. Plaintiff realleges the allegations set forth in paragraphs one through twenty-seven of the Complaint.

29. Defendants represented Boston Steel Erectors, Inc. would be paid upon completion of their work in accordance with the terms of the Contract.

30. Defendants represented Boston Steel & Precast Erectors, Inc. would be paid upon completion of their work in accordance with the terms of the Contract.

31. Plaintiff Blacksmith Investments LLC states that Boston Steel Erectors, Inc. and Boston Steel & Precast Erectors, Inc. have completed all contracts work, and extras.

32. Plaintiff Blacksmith Investments LLC says that Boston Steel Erectors, Inc. and Boston Steel & Precast Erectors, Inc. reasonably relied upon defendants that upon completion of the Contracts noted above, BSE and BSPE would be paid in full.

33. Defendants have failed to pay BSE or BSPE in full for the completed Contracts and extra work.

34. Defendants refuse payment for insurance claims losses not a BSE or BSPE Contract obligation.

35. Defendants misrepresented Boston Steel Erectors, Inc. and Boston Steel & Precast Erectors, Inc., that BSE and BSPE were not entitled to further payment based upon documents BSE and BSPE signed allowing withholding payments in the event of an insurance loss to Defendants.

**Wherefore,** Plaintiff Blacksmith Investments LLC respectfully requests the following relief:

    a.    That the Court find Defendants misrepresented payment of contract and extra work would be paid BSE and BSPE upon completion of each of Defendants' projects;

    b.    That the Court find Defendants withheld payment to BSE and BSPE based upon a misrepresentation of insurance claim liability;

    c.    That to have withheld moneys otherwise due BSE and BSPE entitles Plaintiff to recover their reasonable legal fees and costs;

    d.    That to the extent BSE and BSPE are due money from the Defendants, Plaintiff Blacksmith Investments LLC is entitled to recovery of those moneys;

    e.    Such other relief as is just and reasonable.

**COUNT FOUR:   DECEIT**

36. Plaintiff realleges the allegations set forth in paragraphs one through thirty-five of the Complaint.

37. Defendants led Boston Steel Erectors, Inc. and Boston Steel & Precast Erectors, Inc. to believe that upon completion of their work, despite insurance claims, that BSE and BSPE would be paid in full.

38. Boston Steel Erectors, Inc. and Boston Steel & Precast Erectors, Inc. reasonably relied upon the Defendants assertions that BSE and BSPE would be paid.

39. Boston Steel Erectors, Inc. and Boston Steel & Precast Erectors, Inc. have not been paid in full.

40. Boston Steel Erectors, Inc. and Boston Steel & Precast Erectors, Inc. have not been paid based upon insurance losses incurred by Defendants

41. Defendants have received notification from the insurance carrier that some or all of the defendant's insurance losses have been determined by this insurance carrier to be not the fault of either BSE or BSPE.

6

42. Boston Steel Erectors, Inc. and Boston Steel & Precast Erectors, Inc. have not been paid based upon insurance losses alleged incurred by Defendants, of which some have been determined not covered by either BSE or BSPE insurance contracts.

43. Boston Steel Erectors, Inc. and Boston Steel & Precast Erectors, Inc. have not been paid by Defendants based upon insurance contracts that do not include either BSE or BSPE as signatories.

44. Defendants led Boston Steel Erectors, Inc. and Boston Steel & Precast Erectors, Inc. to believe that both contractors are signatories to insurance contract obligations to hold harmless Defendants.

45. Defendants Boston Steel Erectors, Inc. and Boston Steel & Precast Erectors, Inc. are not signatories to insurance contracts defendants allege are related to the above-mentioned projects.

46. Defendants have deceived BSE and BSPE with regard to insurance contracts and insurance liability.

47. Boston Steel Erectors, Inc. and Boston Steel & Precast Erectors, Inc. have been damaged as a result of Defendants acts and conduct with regard.

**Wherefore**, Plaintiff Blacksmith Investments, LLC respectfully request the following relief:

    a. That the Court find Defendants deceived BSE and BSPE that defendants have written BSE and BSPE authorization to withhold payments;

    b. That the Court find Defendants deceived BSE and BSPE concerning insurance claim liability;

    c. That the Court award Plaintiff their reasonable legal fees and costs;

    d. That the Court award Plaintiff the contract and extras due on the aforementioned projects;

7

e. Such other relief as is just and reasonable.

Blacksmith Investments, LLC
By their Attorney,

*[signature]*

Guy E. Guarino
BBO No. 213960
72 Country Club Way
Ipswich, MA 01938
(978) 356-7500

Dated: January 16, 2004