UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-10368 WGY

BLACKSMITH INVESTMENTS, LLC,
    Plaintiff
v.

OCEAN STEEL & CONSTRUCTION,
LTD. and YORK STEEL, INC.
    Defendants

SECOND REPORT REGARDING STATUS OF MEDIATION

    The Defendant Ocean Steel & Construction LTD ("Ocean Steel") provides the following report regarding the status of mediation. Since Ocean Steel has filed a related case in Federal Court (Ocean Steel v. Boston Steel Erectors, Inc. and Boston Steel & Precast Erectors, Inc., Case No. 05 CA 12234 WGY), this report also addresses the status of this case and the new suit.

    1.    Status of Mediation. The parties have mediated the above captioned case together with a related lawsuit pending in Suffolk Superior Court. In these lawsuits Plaintiff Blacksmith Investments LLC ("Blacksmith") seeks to recover amounts allegedly due on six different construction projects. The parties commenced mediation before Attorney Jerrold Olanoff on October 26, 2005. After the mediation, Mr. Olanoff recommended a continuance of the mediation during which it was agreed that the parties would evaluate legal and factual arguments made during the mediation. During November counsel have continued to discuss settlement. During the past week Mr. Olanoff has had numerous telephone communication with counsel for both sides and although progress has been made, the parties have been unable to agree to settlement terms.

    2.    Status of Discovery and Depositions. The State Court case has a trial date of February 15, 2006. In both the Federal and State court cases, the parties have conducted written discovery and have exchanged documents. No depositions were taken, however, in hopes that this expense could be avoided if the cases are resolved through mediation. Although the cases may still settle, the parties are in agreement that the months of December and January should be devoted to taking depositions and preparing these cases for trial. Conducting depositions

will also enable the parties to get a sense of the strengths and weaknesses of the arguments made during mediation and it is possible that settlement will be more attractive after certain depositions.

    3.    <u>Issues to be Resolved in This Action.</u>

Blacksmith seeks to collect accounts receivable of two entities that subcontracted with Defendants Ocean Steel and York Steel. Those entities are Boston Steel Erectors, Inc. ("Boston Steel") and Boston Steel & Precast Erectors, Inc. ("Precast"). Ocean Steel raised "offset" as an affirmative defense in this action. This offset defense arises out of the fact that Ocean Steel is owed $1.1 million by Precast in connection with a project known as the Mass. General Hospital Ambulatory Care Center ("MGH/ACC"). Precast breached its contract with Ocean Steel and failed to complete work on this project when it went of business due to financial difficulties and Ocean Steel was required to hire another steel erector to complete Precast's work.

Ocean Steel's position is that Boston Steel and Precast are jointly liable for the amount owed on MGH/ACC on the grounds that equity requires treating Boston Steel and Precast as a single entity. In order to preserve these equitable rights, Ocean Steel has raised this issue of offset and has filed the new lawsuit in Federal Court against both Precast and Boston Steel. Ocean Steel (i) seeks to recover the $1.1 million owed to Ocean Steel on MGH/ACC and (ii) seeks a declaration that Precast and Boston Steel are alter egos and requests the court render judgment jointly and severally against Precast and Boston Steel.

Ocean Steel originally believed it would be required to raise the issue of offset through a "Reach and Apply" claim (probably in a new lawsuit) since Ocean Steel could not directly offset amounts owed <u>by</u> York Steel on the Harvard project against amounts owed <u>to</u> Ocean Steel on the MGH/ACC project. In the "Reach and Apply" claim, Ocean Steel would have sought to reach amounts owed by York Steel to Boston Steel on the Harvard project and having that sum applied to amounts owed to Ocean Steel. On November 1, 2005, however, York Steel was merged into Ocean Steel. Since York Steel no longer exists, any sums owed to Boston Steel by York Steel are now owed by Ocean Steel. Whereas prior to the merger of York Steel into Ocean

Steel, the proper method of raising the offset would have been through a reach and apply claim, after November 1 that is no longer the case.

A summary of the projects and claims that are the subject of the two pending Federal Court suits are as follows:

Harvard Graduate Housing

    Contract: Between York Steel and Boston Steel Erectors, Inc.; Ocean Steel succeeded to all interests of York Steel on November 1, 2005 and York Steel is no longer in existence.

    Amount Due: Ocean Steel claims that but for the offset it claims on MGH/ACC, there would be approximately $101,000 due; Blacksmith claims that there is in excess of $300,000 due. Plaintiff Blacksmith seeks to collect amounts due on the Harvard project in this action.

Mass. General Hospital Ambulatory Care Center.

    Contract: Between Ocean Steel and Precast.

    Amount Due: Ocean Steel claims that Precast owes Ocean Steel $1.1 million. It is not clear to Ocean Steel if Precast seriously disputes this claim.

    Ocean Steel seeks a judgment as to amounts due in the new Federal Court suit and seeks to hold Precast and Boston Steel jointly and severally liable for such amount on the theory that Precast is the alter ego of Boston Steel.

Ocean Steel is now directly liable for amounts owed to Boston Steel on the Harvard Project but also claims a direct right of offset as to amounts owed to Ocean Steel by Boston Steel on the MGH/ACC project. Ocean Steel had hoped that the procedural complexity, time and expense of a separate lawsuit would be avoided if these cases were resolved through mediation. Since the mediation did not resolve these lawsuits, it has become clear that Ocean Steel should "liquidate" its claim against Precast in order to raise the defense of offset. Therefore, Ocean Steel has filed the new action against Precast and Boston Steel.

Ocean Steel's position is that the new lawsuit should be consolidated with the pending lawsuit brought by Blacksmith. The reasons supporting consolidation include the following:

    (i)    Consolidating these actions will have minimal impact on the pending case brought by Blacksmith since the same issues and the same parties are involved (although there are different legal entities the same control persona are involved in Boston Steel, Precast and Blacksmith). For example, Robert Saraceno who is

3

the principal of Blacksmith was also president and sole owner of Boston Steel and was General Manager of Precast.

(ii) Resolution of the issue of the alter ego liability of Boston Steel and Precast could be determined first, perhaps at a bifurcated trial. This would enable the parties and the Court to avoid a trial of the more complex construction issues (change orders, backcharges etc.) in both this action and in the State Court cases. If equity requires treating these entities as alter egos, then there may be no need to litigate the amount due on any project other than MGH/ACC since the $1.1 million owed on MGH/ACC more than offsets all the combined claims asserted by Blacksmith in both the Federal and State Court lawsuits. On the Harvard project for example, if Boston Steel and Precast are alter egos, then the amount owed on MGH/ACC more that offsets the amount Blacksmith claims is due on Harvard and there is no need to litigate change orders and other issues that make up Blacksmith's claim that over $300,000 is due on Harvard. Ocean Steel recognizes that whether Blacksmith is entitled to receive the priority claimed by Citizens Bank (from whom Blacksmith took an assignment of accounts receivable) would still have to be determined. This "priority" issue could be determined at the same time as the "alter ego" issue at a bifurcated hearing.

(iii) Blacksmith has suffered no prejudice since it is aware of the offset defense and since no depositions have been undertaken in either case. No discovery other than what is already planned will be necessary to resolve the issues raised in the new lawsuit. The new Federal Court suit has been served on Boston Steel (Robert Saraceno) and since it requires no additional discovery other than the discovery that is taking place in the pending actions, the "alter ego" issue (if not the entire case) can be tried in the near future. Ocean Steel believes that this case can be tried within three to four months or sooner. Separate trials of the pending

claim and the new suit brought by Ocean Steel would cause duplication of effort and unnecessary trial time.

(iv) Regarding the timing of the new suit, filing this action sooner would have been premature since project close out has not occurred; for example, as recently as September, 2005 the general contractor on MGH/ACC asserted a backcharge against Ocean Steel which relates to Precast's work. That amount which is still being negotiated will, when finalized, result in an additional backcharge against Precast and will increase the amount that Precast owes Ocean Steel. Also, as stated above, the November 1 merger of York Steel into Ocean Steel impacted the type of claims asserted. Furthermore, just as the parties took no depositions prior to mediation, Ocean Steel had hoped that the expense of a second suit would be avoided if these cases settled through mediation. Given that no additional discovery is required to resolve the issues raised in the new suit, there is no prejudice in consolidating these cases and scheduling a trial in the near future.

4. Ocean Steel's Suggestions as to this Case:

Ocean Steel suggests the following: (i) the parties conduct depositions through February 15, 2006 and (ii) the Court schedule a status conference to discuss consolidation of the two pending Federal Court actions and the possibility of a bifurcated trial on the "alter ego" and "priority" issues.

OCEAN STEEL & CONSTRUCTION, LTD.,
By its attorneys,

_____
Paul F. Lynch (BBO# 557605)
CAROLAN & GREELEY
65 Franklin Street, Fifth Floor
Boston, MA 02110-1303
(617) 348-2900

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail (by hand) or _____